IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 7 2006

MATTHEW J. DYKMAN
CLERK

CHIBUEZE C. ANAEME,

    Plaintiff,

vs.

Civ. No. 05-412 JP/RHS

MEDICAL STAFFING NETWORK (MSN)
ALLIED, MEDICAL STAFFING NETWORK (MSN),
INC., MEDICAL STAFFING NETWORK (MSN) OF
ILLINOIS. ROBERT ADAMSON, Individually and in
his capacity as Chief Executive Officer, MSN Allied,
MSN, Inc., MSN-Pharmstaff & MSN of Illinois, JAN CASFORD,
AIMEE MUNDO, LINDA MITCHELL, Individually and in
their capacity as employees of MSN, Inc., DUANE AMBROZ,
Individually and in his capacity as employee of MSN, Inc.,

    Defendants.

## REPORT AND RECOMMENDATION

The above captioned cause came before the Court on the filing of a complaint for damages on April 11, 2005. Plaintiff claims that he was not given the same wages as other pharmacists and was fired without being given any valid reason for his discharge. He believes that he has been discriminated against due to his race and national origin. Through motion practice, several of the Defendants were dismissed by order of the Court. Plaintiff attempted to appeal the Court's order to the Tenth Circuit, however, this appeal was dismissed on October 20, 2005. Subsequently, the Court entered its order enjoining the Plaintiff from filing frivolous and vexatious lawsuits. As the assigned United States Magistrate Judge, I have attempted to secure a Provisional Discovery Plan and Initial Pretrial Report. The Provisional Discovery Plan was filed



-1-

on January 11, 2006 but fails to address and complete provisional discovery. I scheduled and noticed an initial scheduling conference for January 18, 2006, at 2:00 p.m. The Plaintiff called my chambers on January 13, 2006, at 11:20 a.m. and spoke with Carla Eyberg concerning his filing of a "Notice of Non-Availability." Ms. Eyberg advised the Plaintiff that I had seen the notice but that the hearing was still going to take place as scheduled. The Plaintiff wanted to change the conference date over the telephone and Ms. Eyberg declined and advised him to file a request in writing and let the Court know if it was opposed or not. Plaintiff asserted in a respectful manner that his Notice of Non-Availability should be enough to vacate the hearing. Ms. Eyberg advised him that until an order from the Court vacating the hearing had been entered, the hearing would occur as scheduled as per my chambers policy. Plaintiff stated that the Court has all the information in the Initial Pretrial Report and Provisional Discovery Plan. Ms. Eyberg advised Plaintiff that he could make arrangements to appear by telephone if he would like to do that, however, he declined stating that he was not available for any Court proceedings now. Ms. Eyberg made a notation that the caller ID indicated he was calling from 505-883-8813 which I believe to be an Albuquerque telephone number. Ms. Eyberg made notes of her conversation and gave them to me for our internal file.

On January 18, 2006, at 2:00 p.m. the only person who appeared for the initial scheduling conference was Mr. Archuleta on behalf of the remaining Defendants. Plaintiff did not appear nor did he telephone my chambers to participate telephonically. Mr. Archuleta had graciously prepared the Initial Pretrial Report which indicates that it was approved by Plaintiff with exceptions. I am attaching a copy of the proposed Initial Pretrial Report to this Report and Recommendation. At this time, I am unable to approve the Initial Pretrial Report and forward it

to the Honorable James A. Parker, United States District Judge, for signature as I do not understand what the Plaintiff is trying to preserve by his approval telephonically "with exceptions." His non-appearance also makes it impossible for me to complete the other relevant information required in the Initial Pretrial Report.

It is my recommendation that the Court schedule an Order to Show Cause hearing directing the Plaintiff to personally appear and show cause, if any he has, why the above captioned lawsuit should not be dismissed with prejudice based on his lack of prosecution.

*Robert H. Scott*  1-19-06
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHIBUEZE C. ANAEME,

    Plaintiff,

v.                                              No. CIV-05-412-JP/RHS

MEDICAL STAFFING NETWORK (MSN) ALLIED
et al.

    Defendants.

## INITIAL PRETRIAL REPORT

Counsel have conferred and submit herewith the parties' consolidated Initial Pretrial Report.

## APPEARANCES

Counsel are:

Chibueze C. Anaeme, Plaintiff pro-se, P. O. Box 4143, Albuquerque, New Mexico 87196.

S. Charles Archuleta and Lynn E. Mostoller; Kelcher & McLeod, P.A., P. O. Box AA, Albuquerque, New Mexico 87103 and Stephanie L. Adler and Keith L. Hammond, Jackson Lewis, LLP, P.O. Box 3389, Orlando, Florida 32802-3389 for Defendants MSN.

## NATURE OF THE CASE

This is a case alleging violation of Title VII of the Civil Rights Act of 1964, Civil Right Act of 1871; 42 U.S.C. Section 1981; Intentional Infliction of Emotional Distress,

Harassment and Assault; Negligence, Conspiracy, Failure to Train and Supervise; Police Misconduct; and requesting Punitive Damages.

Plaintiff's claims against Defendants Hot Springs Venture partnership, which operates the Best Western in Truth or Consequences, and as stated in the Motion to Dismiss does not exist as a separate legal entity and Joshua Frankels were dismissed on the merits via Order entered in or about July 29, 2005.

Plaintiff's claims against Defendant B.C.W. d/b/a Rent a Wreck of Albuquerque, NM; Farr Better II, Inc.; Out West Auto of Albuquerque, NM; Out West Auto Corral II; subsidiaries of B.C.W., Inc.; Glen Banck; Robert Velasquez and Jesus B. Ledesma were dismissed on the Merits via Order entered on or about July 29, 2005.

Plaintiff's claims against Defendants Truth or Consequences Police Department, Russell Peterson, and K. Stockman were dismissed on the merits via Order entered on or about July 29, 2005.

Plaintiff's claims against the individual defendants associated with Defendant MSN; Christine Braasch, Mandy Deutsch, Rochelle Flint, Kristina Kovacs and Dave Stillmunkes were dismissed on the merits via Order entered on or about December 9, 2005.

An Order enjoining Plaintiff from filing Frivolous and Vexatious Lawsuits was entered on or about December 16, 2005.

Plaintiff's Motion for Change of Venue was denied via Order entered on or about January 6, 2006.

Plaintiff's Application for Writ of Prohibition was denied via Order entered on or about January 6, 2006.

2

The only remaining Defendants who have been served are MSN-Illinois Holdings, Inc. and MSN of Illinois, Inc. ("MSN"). MSN affirmatively stated in its Answer that the named parties "Medical Staffing Network (MSN) Allied and "Pharmstaff" are not legal entities.

## AMENDMENTS TO PLEADINGS

Plaintiff herein stipulates that he intends to reserve his right to amend the complaint in aforesaid cause USDC Case No. CV 05-412 JP/RHS to include the true and full names and capacities whether individual, corporate, agent, associate or otherwise of some of the defendants in aforementioned cause currently unknown to plaintiff and the court.

Defendant intends to file: Defendant does not anticipate filing any amendments at this time.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties.

The parties are willing to further stipulate to the following facts:

1. The law governing this case includes Title VII of the Civil Rights Act of 1964, Civil Rights Act of 1871, 42 U.S.C. Section 1981, and other causes of action under the laws of the State of New Mexico and the Federal Rules of Civil Procedure and Federal Rules of Evidence.

3

## PLAINTIFF'S CONTENTIONS

Continuing, Plaintiff contends that he is a highly qualified registered pharmacist in the State of New Mexico and an independent contract pharmacist and was unlawfully and wrongfully harassed, intimidated, conspired against, retaliated against, denied equal pay and wrongfully terminated in violation of labor and employment laws aforerecited.

Plaintiff contends the aforerecited employment and labor practices of the individual defendants are fraudulent, discriminatory, intentional, biased, deceptive, mentally anguishing, emotionally distressing and were directly contrived to prejudice and sabotage Plaintiffs' diligent efforts to sustain gainful employment, timely obtain fair and equitable compensation and/or income for the services he rendered to defendants and their patrons.

Plaintiff contends that Defendants jointly, maliciously, retaliatory, deliberately, biasly and recklessly refused to pay plaintiff his wages, per diem mileage charges, bonus and shift differentials in full despite plaintiff's repeated written and verbal requests wrongfully and retaliatory terminated plaintiff's employment and that caused plaintiff to file a charge of discrimination based on race and national origin with the United States Equal Employment Opportunity Commission (US EEOC).

## DEFENDANT'S CONTENTIONS

Defendant MSN denies Plaintiff's claims. Defendant contends that the sole remaining claims against MSN in this suit are those based on Title VII, and affirmatively denies these claims. Defendant contends this matter should also be dismissed based on the affirmative defenses set forth in its Answer. Further, Defendant MSN contends that this

4

matter includes abuse of process issues by Plaintiff under which it should be awarded fees and costs associated with its defense.

## DISCOVERY

**Plaintiff intends to obtain the following discovery:**

Plaintiff anticipates propounding interrogatories, requests for production, and requests for admissions to the above-named Defendant. Plaintiff also anticipates taking the depositions of representatives of the Defendant, their experts, and various witnesses to the incident.

**Defendant intends to obtain the following discovery:**

Defendant intends to obtain the following discovery: Interrogatories, Requests for Production, and Requests for Admissions of Facts to the above-named Plaintiffs. Defendant also anticipates taking the depositions of Plaintiff, his experts, and various witnesses along with witnesses identified in the Initial Disclosures of the parties, in responses to written discovery, and during the course of other depositions.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "standard" track classification. Accordingly, the termination date for discovery is _____, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if

the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by _____. See D.N.M.LR-Civ.7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _____. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than _____.

---

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

---

### Plaintiff's Potential Fact Witnesses

1.  Chibueze C. Anaeme, Plaintiff pro se
    P.O. Box 4143
    Albuquerque, NM

    Plaintiff will testify regarding issues raised in the complaint in aforementioned cause.

6

2. All the individual defendants in aforerecited cause.

3. Plaintiff will notify all parties and the court of any additional witnesses promptly as they become available including all defendants' counsel of record.

### Defendant's Potential Fact Witnesses

1. Chibueze C. Anaeme, Plaintiff pro se
   P.O. Box 4143
   Albuquerque, NM

   Plaintiff likely has knowledge regarding the facts underlying his claim and MSN's defenses.

2. Dave Stillmunkes
   Director of Branch Operations
   Medical Staffing Network, Inc.
   c/o Jackson Lewis LLP
   390 N. Orange Avenue; Suite 1285
   Orlando, Florida 32801

   This is a managerial employee of Medical Staffing Network, Inc. and is to be contacted only through counsel for Defendants.

   Mr. Stillmunkes may have knowledge regarding the facts underlying Plaintiff's claim and MSN's defenses; knowledge of MSN's records regarding Plaintiff; and knowledge of the facts and events leading up to Plaintiff's termination.

3. Mandy Deutsch
   Account Manager
   Medical Staffing Network, Inc.
   c/o Jackson Lewis LLP
   390 N. Orange Avenue; Suite 1285
   Orlando, Florida 32801

   This is a managerial employee of Medical Staffing Network, Inc. and is to be contacted only through counsel for Defendants.

   Ms. Deutsch may have knowledge regarding the facts underlying Plaintiff's claim and MSN's defenses; knowledge of MSN's records regarding Plaintiff; and knowledge of the facts and events leading up to Plaintiff's termination.

4. Other witnesses identified as discovery and investigation occurs.

### Plaintiff's List of Potential Exhibits at Trial

1. All documents and objects discovered from all the individual defendants in aforestyled cause.

2. All records, documents and objects discovered from the agents and attorneys of record for all the aforementioned individual defendants.

3. All electronic and manual recordings and notes discovered from all parties, agents and witnesses in said cause.

### Defendant's List of Potential Exhibits at Trial

1. Relevant portions of Plaintiff's personnel file;

2. MSN Corporate Employee Handbook;

3. MSN's Equal Employment Opportunity Policy;

4. MSN's Code of Ethics and Business Conduct;

5. MSN's Payroll Records regarding Plaintiff;

6. (12/10/04) New Hire Personnel Requisition Form;

7. Various log entries documenting complaints/client problems regarding Plaintiff;

8. Various Onyx Notes regarding Plaintiff;

9. Avis Receipt regarding Plaintiff's rental car;

10. (12/26/03 – 06/20/04) Timesheet Detail records regarding Plaintiff;

11. All written warnings and/or counseling received by Plaintiff;

12. Selected policies, procedures and guidelines of Defendant.

8

### Plaintiff's Expert Witnesses

Plaintiff will provide a list of any of his expert witness(es) promptly as they become available if they are needed by Plaintiff within the deadlines established by the court for designation of expert witnesses.

### Defendant's Expert Witnesses

Defendant has not identified expert witnesses at this time but reserves the right to do so within the deadlines established by the court for designation of expert witnesses.

## OTHER PRETRIAL MOTIONS

**Plaintiffs intend to file**: Motion for law enforcement supervision, motion for electronically-recorded court sessions and discussion only, motion(s) for partial and full summary judgment, motion for protective order, and other motions dependent on the progress of the litigation.

**Defendant intends to file:** Motion to dismiss, motion to strike, motion(s) for summary judgment, and (as necessary) discovery motions and motions in limine.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by _____. See D.N.M.LR-Civ.7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

## PRETRIAL ORDER

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before _____; Defendant to Court on or before _____.

In jury cases, proposed jury instructions shall be filed no later than _____. In non-jury actions, requested findings of fact and conclusions of law shall be filed no later than _____. Refer to "Other Matters".

## PRETRIAL CONFERENCE AND TRIAL SETTING

This matter is set for a PRETRIAL CONFERENCE on _____ at _____; ___.m.

This matter is set for a NON-JURY TRIAL on a trailing calendar beginning on _____, at _____.m.

This matter is set for a JURY TRIAL on a trailing calendar beginning on _____, at _____.m.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 2 days.

__X__  This is a non-jury case.

_____  This is a jury case.

## SETTLEMENT

The possibility of settlement in this case is considered: poor. The parties request a settlement conference _____.

## OTHER MATTERS

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court shall be highlighted in yellow on all copies which are filed or delivered to the Court or served on other counsel.

## EXCEPTIONS

Plaintiff requests discovery on the following issues, and Defendant MSN objects to inclusion in the Initial Pretrial Report:

1. Why individual Defendants harassed, deceived, conspired against, sabotaged and prejudiced Plaintiff.

2. Why Plaintiff was denied and/or refused his wages, per diem mileage charges, bonus and shift differentials.

Plaintiff wishes to allege under Nature of the Case violations of the Fair Labor Standards Act and Equal Pay Act and Defendant MSN objects to inclusion of these allegations.

Plaintiff requests that Defendant MSN include a reference to payroll records in Defendant's Contentions. Defendant disagrees and objects to such inclusion.

APPROVED WITH EXCEPTIONS

<u>Approved telephonically on 1/10/06</u>
Chibueze C. Anaeme, *Plaintiff Pro Se*
P. O. Box 4143
Albuquerque, NM 87196


KELEHER & McLEOD, P.A.

By _____
S. CHARLES ARCHULETA
LYNN E. MOSTOLLER
P. O. Box AA
Albuquerque, NM 87103
Telephone: (505) 346-4646
Facsimile: (505) 346-1370

- and –

JACKSON LEWIS LLP
STEPHANIE L. ADLER
KEITH L. HAMMOND
390 North Orange Avenue, Suite 1285
P. O. Box 3389
Orlando, FL 32802-3389
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

*Attorneys for MSN Defendants*

APPROVED:                                   APPROVED AND ADOPTED AS
                                            THE ORDER OF THE COURT:


_____           _____
United States Magistrate Judge      United States District Judge


lcb3791

12