IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHIBUEZE C. ANAEME,

      Plaintiff,

vs.                                                                       Civ. No. 05-412 JP/RHS

MEDICAL STAFFING NETWORK
(MSN) ALLIED, *et al*.,

MEMORANDUM OPINION AND ORDER

      On January 18, 2006, Defendants MSN of Illinois, LLC, MSN-Illinois Holdings, Inc., Medical Staffing Network of Illinois, Christine Braasch, Dave Stillmunkes, Mandy Deutsch, Jan Casford, Aimee Mundo, Linda Mitchell, Kristina Kovacs, and Duane Ambrose filed "Defendants MSN of Illinois, et al.'s Motion to Dismiss with Prejudice as a Sanction Under Rule 16 of the Federal Rules of Civil Procedure" (Docket No. 79).[1]  Plaintiff Chibueze C. Anaeme did not file a response, and consequently is deemed to have consented to the Court granting the motion to dismiss.  D.N.M.LR-Civ 7.1(b).  The Court also finds that the motion to dismiss should be granted on its merits. Therefore, the Court will grant the motion and will dismiss, with prejudice, Plaintiff's claims against the remaining defendants.

*I. Background*

    On April 11, 2005, Plaintiff, acting *pro se*, filed a complaint against Medical Staffing Network (MSN) Allied and over 15 individuals seeking recovery under Title VII, 42 U.S.C.

---

[1] Plaintiff's claims against Defendants Christine Braasch, Mandy Deutsch, Rochelle Flint, Kristina Kovacs, and Dave Stillmunkes were dismissed with prejudice, by an Order dated December 9, 2005 (Docket No. 68).  The remaining defendants are Medical Staffing Network (MSN) Allied, Medical Staffing Network (MSN) Inc., Medical Staffing Network (MSN) of Illinois, Robert Adamson, Jan Casford, Aimee Mundo, Linda Mitchell, and Duane Ambroz.

§ 1981, the New Mexico Human Rights Act, and state tort law for employment discrimination. Plaintiff filed an amended complaint on May 20, 2005 which asserted claims against additional defendants.  However, Plaintiff's claims against these additional defendants were dismissed with prejudice on July 29, 2005, and Plaintiff's appeal of that ruling to the Tenth Circuit Court of Appeals was dismissed for failure to obtain certification under FED. R. CIV. P. 54(b).

On October 5, 2005, United States District Court Magistrate Judge Robert H. Scott entered an Initial Scheduling Order that scheduled a Rule 16 conference for January 18, 2006 at 2:00 p.m. (Docket No. 59). On December 22, 2005, Plaintiff filed a "Notice of Non-Availability"asserting that he would be unavailable from December 22, 2005 to February 28, 2006. The parties filed a provisional discovery plan on January 11, 2006. (Docket No. 78).

On January 13, 2006, Plaintiff contacted Judge Scott's chambers.  Judge Scott's chambers advised Plaintiff that Plaintiff's "Notice of Non-availability" did not vacate the January 18, 2006 Rule 16 scheduling conference.  Judge Scott's chambers further informed Plaintiff that he could appear telephonically for the conference, and suggested that Plaintiff submit any request to vacate the conference in writing.  However, Plaintiff declined to make arrangements to appear telephonically and did not submit a written request to vacate the conference.

Plaintiff did not appear personally or telephonically for the January 18, 2006 scheduling conference.  Counsel for Defendants was present and provided Judge Scott with an Initial Pretrial Report.  However, Judge Scott was unable to approve the Initial Pretrial Report because of Plaintiff's absence.  Consequently, Judge Scott recommended that the Court schedule an Order to Show Cause hearing directing Plaintiff to show cause why the lawsuit should not be dismissed. (Docket No. 82).

On February 8, 2006, the Court entered an Order to Show Cause directing Plaintiff to appear personally on February 28, 2006 at 3:30 p.m. and to show cause why Plaintiff's remaining claims should not be dismissed, with prejudice, for lack of participation in discovery and lack of prosecution. (Docket No. 83). The Court held an Order to Show Cause hearing on February 28, 2006. Plaintiff did not appear. Accordingly, the Court orally dismissed, with prejudice, the Plaintiff's claims against the remaining defendants.

## *II. Discussion*

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, against a party who fails to appear at a pretrial or scheduling conference or who fails to comply with pretrial orders of the court. FED. R. CIV. P. 16(f). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). The court should consider the following factors before imposing dismissal as a sanction under FED. R. CIV. P. 16(f):

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 921). However, "the factors do not create a rigid test but are simply criteria for the court to consider." *Id.*

Considering the above mentioned factors, the Court finds that dismissal with prejudice of Plaintiff's remaining claims alone will satisfy the interests of justice. Plaintiff's repeated failures to

3

attend scheduled conferences and hearings have interfered with the judicial process and prejudiced Defendants both by delaying the completion of discovery and by wasting the Court's and Defendants' resources and time.  Further, Plaintiff is entirely culpable for the prejudice to Defendants and interference with the Court.  Plaintiff is an experienced litigant, having filed at least nineteen lawsuits in the District of New Mexico, and should be fully aware of court procedures and the consequences of refusing to follow them.

On December 16, 2005, the Court entered an order enjoining Plaintiff from filing vexatious and frivolous lawsuits.  (Docket No. 72).  This Order documents Plaintiff's repeated failures to obey court rules and orders and failures to appear at hearings and conferences.  The Order reflects Plaintiff's experience as a litigant and Plaintiff's familiarity with the Federal Rules of Civil Procedure.  The Order also demonstrates the inefficacy of imposing lesser sanctions against Plaintiff, as lesser sanctions have not inspired Plaintiff to comply with court process.

Moreover, Plaintiff was personally advised that his presence at the January 18, 2006 scheduling conference before Judge Scott was required.  Plaintiff was also forewarned that the Court would impose dismissal as a sanction if Plaintiff did not appear at the February 28, 2006 hearing and show cause why the case should not be dismissed for failure to prosecute and participate in discovery.   Plaintiff's failure to appear evidences a lack of respect for the Court.  Plaintiff's further interference with the judicial process should not be tolerated.

The Court will therefore grant Defendants' motion to dismiss under FED. R. CIV. P. 16, and will dismiss, with prejudice, all of Plaintiff's claims against any remaining defendants.

IT IS THEREFORE ORDERED THAT the "Defendants MSN of Illinois, et al.'s Motion

to Dismiss with Prejudice as a Sanction Under Rule 16 of the Federal Rules of Civil Procedure" (Docket No. 79) is GRANTED, and Plaintiff's claims against the remaining Defendants are DISMISSED WITH PREJUDICE.

                                                                                             */s/ James A. Parker*
                                                      SENIOR UNITED STATES DISTRICT JUDGE